UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Michael Antonio Miller,<br><br>          Defendant. | Case No. 24-cr-00137 (JRT/ECW)<br><br>**ORDER ON MOTIONS<br>AND<br>AMENDED CASE<br>MANAGEMENT ORDER** |

This case is before the Court on the Motion to Withdraw as Counsel and Appoint New Counsel (Dkt. 20) and Motion to Continue Motions Filing Date (Dkt. 21) filed on behalf of Defendant Michael Antonio Miller. The Court held a hearing on the Motions on July 28, 2025.

At the July 28, 2025 hearing, Mr. Miller made an oral motion to represent himself in this matter. "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "The Supreme Court has interpreted this right to counsel as requiring that indigent defendants be provided counsel unless the right has been voluntarily and intelligently waived." *Koenig v. North Dakota*, 755 F.3d 636, 640 (8th Cir. 2014) (citing *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938)) (citation omitted). Indeed, the right to counsel is balanced with a defendant's right to represent oneself. *See United States v. Sanchez-Garcia*, 685 F.3d 745, 751 (8th Cir. 2012) ("The Sixth Amendment . . . grants an accused both the right to counsel and the alternative right to self-representation.") (citation omitted). "If the defendant waives

the right to counsel, the waiver must be voluntary, intelligent, and knowing." *United States v. Armstrong*, 554 F.3d 1159, 1165 (8th Cir. 2009) (citation omitted). "Counsel may be waived if the defendant 'knows what he is doing and his choice is made with eyes wide open.'" *United States v. Stanley*, 891 F.3d 735, 738 (8th Cir. 2018) (quoting *Faretta v. California*, 422 U.S. 806, 835 (1975)); *see also United States v. Krug*, 822 F.3d 994, 1000 (8th Cir. 2016) (finding that in order to waive the right to counsel, "[t]he defendant must understand the consequences of proceeding pro se and be competent to stand trial as evidenced by an understanding of the nature of the legal proceedings against him.") (citation omitted). The Court is thus tasked with making a defendant "aware of the dangers and disadvantages of self-representation." *Faretta*, 422 U.S. at 835.

The Court found based on the record and statements at the hearing that Mr. Miller's attorney-client relationship with Attorney John Fossum is irretrievably broken; conducted an inquiry into Mr. Miller's ability to represent himself, and advised him of the risks and consequences of representing himself, which included offering him substitute appointed legal counsel; granted Mr. Miller's oral motion to represent himself; and terminated Attorney Fossum's representation of Mr. Miller. The Court finds, based on Mr. Miller's colloquy with the Court and with opposing counsel at the hearing, as well as record as whole, that Mr. Miller understands the nature of legal proceedings against him and that his waiver of counsel is voluntary, intelligent, and knowing. For these reasons, the Motion to Withdraw as Counsel and Appoint New Counsel (Dkt. 20) is **GRANTED** insofar as the Court permitted Attorney Fossum's withdrawal and **DENIED**

insofar as Mr. Miller sought to represent himself and declined to have the Court appoint new counsel.[1]

However, the Court appoints standby counsel for Mr. Miller. The Federal Defender is directed to identify standby counsel, which may be a member of the CJA Panel, and standby counsel shall enter an appropriate appearance.

At the July 28, 2025 hearing, the Court also **GRANTED** the Motion to Continue Motions Filing Date (Dkt. 21) as set forth below:

1. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **October 28, 2025**. D. Minn. LR 12.1(c)(1).

2. All responses to motions must be filed by **November 12, 2025**. D. Minn. LR 12.1(c)(2).

3. Any Notice of Intent to Call Witnesses must be filed by **November 12, 2025**. D. Minn. LR 12.1(c)(3)(A).

4. Any Responsive Notice of Intent to Call Witnesses must be filed by **November 17, 2025**. D. Minn. LR 12.1(c)(3)(B).

5. **If there is no need for a motions hearing, either because no motions were filed, or for any other reason, counsel and Mr. Miller must file a letter saying**

---

[1] At the end of the hearing, Attorney Fossum made an oral motion to withdraw as counsel for Mr. Miller in Case No. 19-cr-00064 (MJD/ECW). Any motion to withdraw as counsel or motion by Mr. Miller to represent himself in Case No. 19-cr-00064 (MJD/ECW) must be made to the presiding district judge in that case, U.S. District Judge Michael J. Davis.

**so on or before October 28, 2025 or immediately upon the occurrence of the event making a motions hearing unnecessary if that event occurs after October 28, 2025.**

6. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The Government makes timely disclosures and Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by either party in its motion, objection or response pleadings.

7. If required, the motions hearing shall be heard before Magistrate Judge Elizabeth Cowan Wright on **December 10, 2025**, at **10:00 a.m.**, in **Courtroom 3C**, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.  D. Minn. LR 12.1(d).

8. The delay from the date of the filing of the Motion to Withdraw as Counsel and Appoint New Counsel (Dkt. 20) on June 26, 2025, until the new motion filing date of October 28, 2025, is excluded as to Defendant from the calculation of time required by the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), in that the ends of justice served by such action outweigh the best interest of the public and Defendant in a speedy trial, namely, allowing Mr. Miller sufficient time to review the evidence in the case and prepare motions.

9. A trial date will be issued by separate order.

   **SO ORDERED.**

Dated:  July 28, 2025

                                             *s/Elizabeth Cowan Wright*
                                             ELIZABETH COWAN WRIGHT
                                             United States Magistrate Judge